**FOURTH DIVISION**
**MCFADDEN, P. J.,**
**WATKINS and PADGETT, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.gov/rules

**July 16, 2026**

# In the Court of Appeals of Georgia

A26A1177. IN RE JEROME, JR.

PADGETT, Judge.

Attorney Serge Jerome, Jr. was found in direct contempt after he failed to timely appear for a show cause hearing. Jerome appeals from the contempt order, contending that the trial court violated his due process rights by summarily holding him in contempt, that there was insufficient evidence to support the contempt finding, and that the trial court treated him in a disparate and discriminatory manner. None of Jerome's arguments have any merit, and thus, we affirm.

> To hold a party in contempt, a trial court must find that the party willfully disobeyed a court order. ... [A] trial court is vested with wide discretion in deciding both whether the court's orders have been violated and how such infringements should be treated, and we will not disturb the court's determinations on these issues absent an abuse of that

discretion. Indeed, given the wide latitude afforded to the trial court, we will affirm a contempt ruling if there is any evidence in the record to support it.

*Cousin v. Tubbs*, 353 Ga. App. 873, 875(1) (840 SE2d 85) (2020) (citation modified).

Viewed in favor of the trial court's ruling, see *Ricci v. West*, 375 Ga. App. 233, 234 (915 SE2d 668) (2025), the record shows that in 2025, Jerome was representing a client in a criminal matter before the State Court of Coweta County. On September 16, Jerome filed a motion for a continuance from the September 22 motions calendar, indicating that he had a conflict in another unspecified county. The trial court denied the motion, noting, in part, that "no conflict has been filed," and the motions hearing was specially set for September 23 at 2:00 p.m.

The day of the hearing, Jerome emailed the prosecutor stating, "I am called in Dekalb [sic] County on a trial for [another defendant] this morning and it seems we are moving forward. However, we will not know for sure until this afternoon at 12. I will not be able to attend the motions hearing in Coweta." The prosecutor replied, copying the trial court's judicial assistant, and relayed that the judge wanted an update by noon whether Jerome would be proceeding with the motions hearing in Coweta County. Jerome, however, did not respond to that email. Rather, he filed a conflict

letter stating that he would attempt to appear in Coweta County at 1:00 p.m., and in DeKalb County at 2:00 p.m. on a different case than he specified in his email to the prosecutor. The trial court called Jerome's office and asked a member of his staff to have Jerome contact the court regarding his whereabouts. When more than 24 hours elapsed without contact from Jerome, the trial court entered an order on September 24 finding that Jerome's failure to report to court and respond to the court were "directly contemptuous" actions. Moreover, the trial court cautioned Jerome that a continued failure to comply with proper notice of conflict requirements would potentially subject him to future contempt. The trial court rescheduled the case to an October 9 calendar for a status hearing at 9:00 a.m. and directed Jerome (and his client) to appear in person.

Jerome did not appear at the 9:00 a.m. October 9 calendar call. Instead, he filed a conflict letter at 10:04 a.m. stating that he had a hearing in Forsyth County at 9:00 a.m. Later that morning, Jerome emailed the court and the prosecutor indicating that his office staff had inadvertently calendared the hearing for 2:00 p.m., and that he had arranged for another attorney to make an announcement in his stead.

That same day, the trial court issued an order holding Jerome in contempt of its September 24 order, finding that Jerome "disrupted court proceedings and interfered with the orderly administration of justice" by his failure to file a timely conflict notice and to appear in court. The trial court scheduled a show cause hearing for October 22 at 9:00 a.m., and the order was, at minimum, emailed to Jerome by the clerk of court.[1]

At the 9:00 a.m. call of the calendar on October 22, Jerome was not present in the courtroom. The trial court declared that it was holding Jerome in direct contempt for failing to timely appear for the show cause hearing without having filed a prior conflict notice or contacting the court,[2] and ordered him to serve two days in the county jail and pay a $500 fine. Jerome arrived at approximately 10:15 a.m. and the trial court allowed Jerome to speak on his own behalf. Jerome explained that he had been on a "CLE/family vacation" in Florida the previous week, that he had been in the hospital with his sick wife for the preceding two days, and that while he had

---

[1] According to the trial court, the order was also mailed to Jerome through the U. S. Postal Service.

[2] The trial court clarified that its contempt ruling was limited to Jerome's actions on October 22 and not his behavior leading up to "the show cause hearing that we were supposed to be here on today."

4

monitored his emails, he did not see the email containing the show cause order because that email had gone to his "junk" mail folder rather than his inbox.[3] He professed to only have seen the email from the trial court regarding the show cause hearing earlier that morning while handling a guilty plea in another courtroom. Jerome further asserted that he had not received any mailed notice from the court regarding the hearing. He also complained that his paralegal, who registers his hearings, had not been copied on the court's email, and that the October 9 email provided "very short notice" of the October 22 hearing.

After considering Jerome's explanation, the trial court amended the contempt sanction, allowing Jerome to either pay the $500 fine or serve two days in jail if he failed to pay the fine by October 27. The trial court subsequently memorialized its ruling, and Jerome now challenges that decision on appeal.[4]

---

[3] On October 13, the trial court entered an amended order to show cause correcting a scrivener's error. Jerome claims to only have received an email with the amended order.

[4] After Jerome failed to pay the fine or report to jail as directed, the trial court issued a bench warrant on October 29 for Jerome's arrest. On November 3, the clerk of court received a mailed filing from Jerome that included a notice of appeal, purportedly composed on October 27. The trial court then lifted the bench warrant and stayed any further sanction pending this appeal. By this time, Jerome had been arrested and apparently spent one day in custody.

1. As an initial matter, we address the deficiencies of Jerome's brief. Court of Appeals Rule 25(d)(1)(i) requires that "[e]ach enumerated error shall be supported in the brief by specific reference to the record or transcript." Jerome's brief, however, does not include any citations to the record. Nor does the brief contain a statement identifying the basis for this Court's appellate jurisdiction. See Ga. Ct. App. R. 25(a)(3). More concerning, Jerome's brief contains a mere two case citations, neither of which support the proposition of law for which they are cited.[5] "[C]iting cases that ... do not support the proposition for which they are cited ... falls far beneath the conduct we expect from Georgia lawyers." *Payne v. State*, S26A0459, slip op. at 3(1) (Ga. May 5, 2026).

---

[5] Jerome writes that in *In re Herring*, 268 Ga. App. 390 (601 SE2d 839) (2004), we "reversed a contempt finding where an attorney was late due to a clerical error, holding that 'criminal contempt is a crime in the ordinary sense' and requires a showing of criminal intent." Actually, in that case, we affirmed the trial court's summary judgment of contempt against an attorney who failed to appear at a calendar call and failed to file a prompt notification of conflict. Id. at 391–92(2). Further, the quote Jerome attributes to *In re Herring* appears nowhere in that case. Jerome also cites *In re Crane*, 253 Ga. 667 (324 SE2d 443) (1985) for the proposition that "failure to appear at a court hearing is an indirect contempt." This quote likewise does not appear in that case.

2. Turning to the merits, Jerome contends that the trial court erred by summarily punishing him because his failure to timely appear for the show cause hearing was not direct contempt, but rather indirect contempt that required the trial court to extend him full due process protections.[6] Jerome's position is unavailing.

As our Supreme Court has explained,

[t]he procedures that a trial court must follow to hold a person in contempt depend upon whether the acts alleged to constitute the contempt are committed in the court's presence (direct contempt) or are committed out of the court's presence (indirect contempt). If the contempt is direct, a trial court has the power, after affording the contemnor an opportunity to speak in his or her own behalf, to announce punishment summarily and without further notice or hearing. This summary power is authorized where contumacious conduct threatens a court's immediate ability to conduct its proceedings, such as where ... a party disrupts the court. Direct contempts in the presence of the court traditionally have been subject to summary adjudication, to maintain order in the courtroom .... In direct contempt proceedings, in light of the court's substantial interest in rapidly coercing compliance and restoring order, and because the contempt's occurrence before the court reduces

---

[6] We have taken Jerome's claims of error out of the order in which he presented them.

7

the need for extensive factfinding and the likelihood of an erroneous deprivation, summary proceedings have been tolerated.

*Ramirez v. State*, 279 Ga. 13, 14-15(2) (608 SE2d 645) (2005) (citation modified).

To start with, this Court has held multiple times that an attorney may be held in direct contempt for failing to timely appear at a court proceeding. See *In re Ogbuehi*, 373 Ga. App. 328, 330 (908 SE2d 314) (2024); *In re Otuonye*, 279 Ga. App. 468, 470–71(1) (631 SE2d 500) (2006); *In re Herring*, 268 Ga. App. 390, 391–92(2) (601 SE2d 839) (2004); *In re Omole*, 258 Ga. App. 725, 727(1) (574 SE2d 912) (2002) (noting that "failing to respond to a calendar call or to the call of a case for trial disrupts court proceedings and interferes with the orderly administration of justice" and, consequently, "is a direct contempt for which the contemnor may be summarily punished" (citations omitted)).

Notwithstanding, as our Supreme Court recognized in *Ramirez* and reiterated in *Cousins v. Macedonia Baptist Church of Atlanta*, 283 Ga. 570 (662 SE2d 533) (2008), "[t]hough a court clearly has the authority to hold a party summarily in contempt when necessary to preserve order in the courtroom, even such summary contempt

power requires that the contemnor be afforded the opportunity to speak in his or her own behalf." Id. at 575(2) (punctuation omitted).

Here, the trial court informed Jerome that by appearing late for the 9:00 a.m. show cause hearing, Jerome had disrupted the court's proceedings and interfered with the orderly administration of justice. Notably, the trial court afforded Jerome an opportunity to speak on his own behalf and attempt to explain his failure to timely appear for the hearing. Because the trial court extended Jerome the requisite due process, the contempt ruling was authorized. See *In re Ogbuehi*, 373 Ga. App. at 330 (affirming summary contempt ruling where attorney was 45 minutes late to court and was afforded the opportunity to speak on his own behalf, and noting that trial court did not err in failing to extend attorney "additional due process").

3. Jerome asserts that the trial court's contempt finding must be reversed because his tardiness at the October 22 hearing was "inadvertent," not an act of willful disobedience. We discern no error on the trial court's part.

"Contempt of court has been variously defined; in its broad sense it means disregard for or disobedience of the order or command of the court." *In re Beckstrom*, 295 Ga. App. 179, 179 (671 SE2d 215) (2008). Whether an attorney intentionally

disobeyed a court's order is relevant in showing the required element of willfulness. See *In re Schoolcraft*, 274 Ga. App. 271, 274–75(2) (617 SE2d 241) (2005).

In this case, the record shows that on October 9, the clerk of court emailed Jerome the trial court's order giving notice of the show cause hearing set for October 22 at 9:00 a.m. Jerome acknowledged that he received an email providing notice of the hearing, yet he arrived approximately 75 minutes late for the hearing. He filed no prior notice of any scheduling conflict and made no attempt to contact the court regarding his unavailability. Although Jerome attempted to justify late arrival, noting "a technical email failure, an unusually short notice period … and [the] familial medical emergency," the trial court was authorized to reject these assertions and instead conclude that Jerome willfully disregarded the court's command to timely appear for the show cause hearing. See *In re Herring*, 268 Ga. App. at 391(2) (recognizing that, in contempt matters, "a determination of credibility is the sole responsibility of the trier of fact"). Indeed, the record shows that Jerome was in the Coweta County courthouse on the morning of the show cause hearing, but chose to appear in another courtroom first. Based on the record before us, the trial court did not err in summarily adjudicating Jerome to be in contempt. See *In re Otuonye*, 279 Ga. App. at 470–71(1)

10

(affirming trial court's order holding attorney in contempt where attorney arrived 90 minutes late to calendar call and did not file prior notice of conflict).

4. In a wholly unsubstantiated claim of error, Jerome alleges that the trial court, in holding him in contempt, treated him in a disparate and discriminatory manner based on his race. More specifically, Jerome contends that the trial court

> provided professional courtesies — such as directing staff to call missing counsel — to white attorneys with similar administrative delays. No such courtesy was extended to [Jerome], and an inquiry with the Clerk revealed that no white attorney has been held in contempt by this Judge for similar tardiness.

Because there is nothing in the record to support this claim, we do not consider it. See generally *In re Johnson*, 364 Ga. App. 646, 647 n.2 (875 SE2d 844) (2022). Moreover, Jerome's baseless allegations against the trial court are in direct violation of Court of Appeals Rule 10, which strictly forbids oral or written personal remarks that are discourteous or disparaging to any judge, opposing counsel, or any court. We

admonish Jerome for his disparaging remarks and refer Jerome to the State Bar of Georgia to determine whether further disciplinary proceedings are warranted.[7]

*Judgment affirmed. McFadden, P. J., and Watkins, J., concur.*

---

[7] We note that in July 2025, the State Court of Gwinnett County held Jerome in direct contempt for arriving late to court on three consecutive days. We dismissed Jerome's appeal from that contempt order after he failed to file a brief in this Court. See *In re Jerome*, Case No. A26A0272 (Ga. Ct. App. Oct. 10, 2025).